**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

            Plaintiff,

vs.                                                    Case No: 3:16-cv-1058-J-34JRK

TOM BEXLEY, in his personal capacity
as a government official (Deputy Court
Clerk, Flagler County, Florida),

            Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

### **I. Status**

This cause is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 4) and Affidavit of Indigency (Doc. No. 5), both filed August 18, 2016, that the Court construes collectively as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 ("Motion"). On August 18, 2016, Plaintiff filed a Verified Complaint (Doc. No. 2), followed by a Verified Amended Complaint (Doc. No. 12; "Amended Complaint" or "Am. Compl.") on September 26, 2016. The undersigned recommends that the Motion be denied and the case be dismissed without prejudice.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted). Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted), a court is under no duty to "re-write" a plaintiff's complaint to find a claim, Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## III. Discussion

Here, it appears from the Motion that Plaintiff may be financially unable to pay the filing fee. But upon review of Plaintiff's Complaint, for the reasons discussed below, the undersigned finds the case is subject to dismissal for failure to state a claim on which relief

may be granted.

Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983, asserts one count against Defendant, a state court deputy clerk, seeking monetary, injunctive, and declaratory relief based on allegations that on June 5, 2013, Defendant, "under color of Fla. Stat. 68.093" (the Florida Vexatious Litigant Law), "provided a letter refusing to file" Plaintiff's federal claims in state court.  Am. Compl. at 20.  Plaintiff asserts that by refusing to file Plaintiff's claims, Defendant acted without jurisdiction and violated Plaintiff's rights under the United States Constitution. See generally id.  In support of his Amended Complaint, Plaintiff filed the alleged letter provided by Defendant, dated June 5, 2013, in which Defendant wrote as follows:

> I am writing in response to your request for written documentation acknowledging our failure to accept your case filing in our office today.
>
> It is the duty and intent of the Office of the Clerk of the Circuit Court (Flagler County, Florida) to adhere and abide by all Judicial Orders issued in the State of Florida and the 7th Judicial Circuit. Please see the attached Judicial Order and the sections indicated in yellow which preclude our office from fulfilling your request.

Doc. No. 13-2, at 2 (emphasis added).  Plaintiff did not file (in this case) the "Judicial Order" referred to in the letter quoted above, and he does not mention it in his Amended Complaint.

The undersigned observes that since May 2013, Plaintiff has filed twenty-three cases in this division, not counting the instant case, and they all seem to concern how Plaintiff was declared a vexatious litigant under Florida law and has thus been prevented from asserting his federal claims in state court.[2]  All twenty-three of these cases have been dismissed for

---

[2]   See MacLeod v. Florida, No. 3:13-cv-606-J-34JBT; MacLeod v. Scott, No. 3:14-cv-753-J-32JBT; MacLeod v. Scott, No. 3:14-cv-792-J-34JRK; MacLeod v. Scott, No. 3:14-cv-793-J-39MCR; MacLeod v. Scott, No. 3:14-cv-794-J-39MCR; MacLeod v. Scott, No. 3:14-cv-805-J-34JRK; MacLeod v. Scott, No. 3:14-cv-806-J-32JBT; MacLeod v. Scott, No. 3:14-cv-812-J-39PDB; MacLeod v. Scott, No. 3:14-cv-823-J-32JRK; MacLeod v. Scott, No. 3:14-cv-830-J-32JBT; MacLeod v. Wadsworth, No. 3:14-cv-1018-J-34MCR; MacLeod
(continued...)

lack of jurisdiction.[3]  Specifically, they were dismissed based on the Court's finding that Plaintiff's claims were barred by the Rooker-Feldman or Younger doctrines.  As Plaintiff has been instructed, the Rooker-Feldman[4] doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (citation omitted). Similarly, the Younger[5] abstention doctrine precludes federal courts from engaging in "undue interference

---

[2](...continued)
v. Scott, No. 3:15-cv-932-J-39MCR; MacLeod v. Zambrano, No. 3:15-cv-1089-J-39JRK; MacLeod v. Zambrano, No. 3:15-cv-1194-J-39JBT; MacLeod v. Zambrano, No. 3:16-cv-444-J-39JBT; MacLeod v. Bexley, No. 3:16-cv-464-J-34JRK; MacLeod v. Zambrano, No. 3:16-cv-483-J-39MCR; MacLeod v. Zambrano, No. 3:16-cv-490-J-34PDB; MacLeod v. Zambrano, No. 3:16-cv-500-J-39MCR; MacLeod v. Zambrano, No. 3:16-cv-501-J-32JRK; MacLeod v. Zambrano, No. 3:16-cv-502-J-39JRK; MacLeod v. Zambrano, No. 3:16-cv-512-J-34JBT; MacLeod v. Zambrano, No. 3:16-cv-1103-J-39JRK.

[3]   See Order (Doc. No. 34), MacLeod v. Florida, No. 3:13-cv-606-J-34JBT (M.D. Fla. Aug. 20, 2013); Order (Doc. No. 10), MacLeod v. Scott, No. 3:14-cv-753-J-32JBT (M.D. Fla. July 11, 2014); Order (Doc. No. 36), MacLeod v. Scott, No. 3:14-cv-792-J-34JRK (M.D. Fla. July 6, 2015);  Order (Doc. No. 30), MacLeod v. Scott, No. 3:14-cv-793-J-39MCR (M.D. Fla. Jan. 14, 2015); Order (Doc. No. 25), MacLeod v. Scott, No. 3:14-cv-794-J-39MCR (M.D. Fla. Feb. 24, 2015); Order (Doc. No. 36), MacLeod v. Scott, No. 3:14-cv-805-J-34JRK (M.D. Fla. July 9, 2015); Order (Doc. No. 11), MacLeod v. Scott, No. 3:14-cv-806-J-32JBT (M.D. Fla. Sept. 26, 2014); Order (Doc. No. 43), MacLeod v. Scott, No. 3:14-cv-812-J-39PDB (M.D. Fla. Feb. 10, 2016); Order (Doc. No. 11), MacLeod v. Scott, No. 3:14-cv-823-J-32JRK (M.D. Fla. Sept. 26, 2014); Order (Doc. No. 13), MacLeod v. Scott, No. 3:14-cv-830-J-32JBT (M.D. Fla. Aug. 12, 2014); Order (Doc. No. 53), MacLeod v. Wadsworth, No. 3:14-cv-1018-J-34MCR (M.D. Fla. Oct. 6, 2015); Order (Doc. No. 14), MacLeod v. Scott, No. 3:15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016); Order (Doc. No. 24), MacLeod v. Zambrano, No. 3:15-cv-1089-J-39JRK (M.D. Fla. Aug. 15, 2016); Order (Doc. No. 21), MacLeod v. Zambrano, No. 3:15-cv-1194-J-39JBT (M.D. Fla. Aug. 15, 2016); Order (Doc. No. 24), MacLeod v. Zambrano, No. 3:16-cv-444-J-39JBT (M.D. Fla. Oct. 15, 2016); Order (Doc. No. 18), MacLeod v. Bexley, No. 3:16-cv-464-J-34JRK (M.D. Fla. Aug. 1, 2016); Order (Doc. No. 10), MacLeod v. Zambrano, No. 3:16-cv-483-J-39MCR (M.D. Fla. Aug. 15, 2016); Order (Doc. No. 10), MacLeod v. Zambrano, No. 3:16-cv-490-J-34PDB (M.D. Fla. June 16, 2016); Order (Doc. No. 11), MacLeod v. Zambrano, No. 3:16-cv-500-J-39MCR (M.D. Fla. Aug. 15, 2016); Order (Doc. No. 11), MacLeod v. Zambrano, No. 3:16-cv-501-J-32JRK (M.D. Fla. July 25, 2016); Order (Doc. No. 12), MacLeod v. Zambrano, No. 3:16-cv-502-J-39JRK (M.D. Fla. Aug. 15, 2016); Order (Doc. No. 10), MacLeod v. Zambrano, No. 3:16-cv-512-J-34JBT (M.D. Fla. June 16, 2016); Order (Doc. No. 10), MacLeod v. Zambrano, No. 3:16-cv-1103-J-39JRK (M.D. Fla. Jan. 25, 2017).
     At least one of these cases also addressed judicial immunity as a basis for dismissing claims against a state court clerk. See Order (Doc. No. 53) at 3 n.2, MacLeod, No. 3:14-cv-1018-J-34MCR.

[4]   See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

[5]   See Younger v. Harris, 401 U.S. 37 (1971).

with state proceedings." New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989).  A court may abstain under Younger if (1) the state proceeding is ongoing; (2) the state proceeding "implicate[s] important state interest[s]"; and (3) the federal court plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The instant case most closely resembles a case that Plaintiff filed against the same Defendant on April 18, 2016, that this Court dismissed for lack of subject matter jurisdiction on August 1, 2016.  See Order (Doc. No. 18), MacLeod v. Bexley, No. 3:16-cv-464-J-34JRK (M.D. Fla. Aug. 1, 2016).  In that case, Plaintiff similarly asserted that Defendant violated Plaintiff's constitutional rights when Defendant "provided a letter refusing to file" Plaintiff's federal claims in state court, but Plaintiff also explicitly alleged that Defendant's refusal was based on a state court judge's vexatious-litigant order entered against Plaintiff.  Verified Complaint Amendment 2 (Doc. No. 17), at 22, MacLeod, No. 3:16-cv-464-J-34JRK (M.D. Fla. July 29, 2016).  As support, Plaintiff filed the same June 5, 2013 letter by Defendant that Plaintiff filed in the instant case (quoted above), as well as a copy of a state court order, issued pursuant to section 68.093, Florida Statutes, declaring Plaintiff a vexatious litigant and directing the clerk of court to deny any future cases filed by Plaintiff in a pro se capacity.  See Doc. Nos. 17-3, 17-4, MacLeod, No. 3:16-cv-464-J-34JRK (M.D. Fla. July 29, 2016).

The earlier case was dismissed for lack of subject matter jurisdiction based on the Rooker-Feldman or Younger doctrines and judicial immunity.  See Report and Recommendation (Doc. No. 10), at 4-7, MacLeod, No. 3:16-cv-464-J-34JRK (M.D. Fla. June

16, 2016), adopted, Order (Doc. No. 18), MacLeod, No. 3:16-cv-464-J-34JRK (M.D. Fla. Aug. 1, 2016). Specifically, the equitable claims were subject to dismissal under the Rooker-Feldman or Younger doctrines because the claims ultimately sought this Court's interference with an ongoing or closed state court proceeding. See id. at 4-5. As to Plaintiff's claims for monetary damages, assuming they were not precluded by the Rooker-Feldman or Younger doctrines,[6] Defendant was entitled to absolute judicial immunity. See id. at 5-6.

Here, it appears Plaintiff is attempting to evade dismissal under these doctrines by omitting specific references to the state court vexatious-litigant order. Nonetheless, particularly in light of Plaintiff's earlier case discussed above,[7] it is clear Plaintiff still seeks this Court's interference with an ongoing or closed state court proceeding.[8] As such, to the extent Plaintiff seeks equitable relief, his claims are barred by the Rooker-Feldman or Younger doctrines. Plaintiff's remedies were in state court.[9] And to the extent Plaintiff seeks monetary damages, Defendant is entitled to absolute judicial immunity because it is apparent

---

[6] The United States Court of Appeals for the Eleventh Circuit has at least suggested the Rooker-Feldman doctrine does not apply to claims for monetary damages. See Drees v. Ferguson, 396 F. App'x 656, 658 (11th Cir. 2010); Sibley v. Lando, 437 F.3d 1067, 1070-71 & n.3 (11th Cir. 2005).

[7] A court reviewing a plaintiff's complaint may take judicial notice of allegations in the plaintiff's prior complaints, see Smith v. Brevard Cty., 461 F. Supp. 2d 1243, 1248 (M.D. Fla. 2006), and a court also "may take judicial notice of its own records and the records of inferior courts," United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir.1999).

[8] Although it appears that the state court proceedings at issue have ended, and thus that the Rooker-Feldman doctrine applies, the undersigned also concludes, in abundant caution, that the Younger abstention doctrine would apply to bar Plaintiff's claims if his state court proceedings are ongoing. See, e.g., Order (Doc. No. 14) at 2-3, MacLeod, No. 3:15-cv-932-J-39MCR (finding it unclear whether the state court proceedings ended and, thus, applying both Rooker-Feldman and Younger as bases for dismissal); Order (Doc. No. 11) at 3, MacLeod, No. 3:14-cv-823-J-32JRK (same).

[9] As noted by the Honorable Patricia D. Barksdale, United States Magistrate Judge, in one of Plaintiff's other cases in this Court, Plaintiff did indeed appeal the state trial court vexatious-litigant order in the appropriate Florida appellate court. See Report and Recommendation (Doc. No. 34) at 5-6, 16, MacLeod v. Scott, 3:14-cv-00812-J-39PDB; see also MacLeod v. Citibank, 125 So. 3d 304 (Fla. 5th DCA 2013) (affirming state trial court order on appeal). Regarding Plaintiff's state court remedies, Judge Barksdale observed as follows: "For appellate review, [Plaintiff] had Florida's Fifth District Court of Appeals. When he failed there, he could have sought review with the Florida Supreme Court and, if unsuccessful there, the United States Supreme Court." Id. at 15 (citations omitted).

that the challenged conduct—Defendant's alleged refusal to file Plaintiff's federal claims in state court—was carried out pursuant to a court order. See Hyland v. Kolhage, 267 F. App'x 836, 842 (11th Cir. 2008) (unpublished) (stating, "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages'" (quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir.1981))).

Accordingly, the undersigned finds Plaintiff's Amended Complaint is subject to dismissal based on the Rooker-Feldman or Younger doctrines and judicial immunity. Although it is typically appropriate to allow a pro se plaintiff leave to amend pleadings prior to dismissal, "a district court need not allow amendment when it would be futile." Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (unpublished); see also Order (Doc. No. 14) at 3, MacLeod v. Scott, No. 3-15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016). Plaintiff already amended his claims once in this case. In his other cases filed in this Court, Plaintiff has been given many attempts to state a claim based on essentially the same allegations as those at issue here. All of these attempts have failed because Plaintiff's claims are clearly barred for the reasons addressed above. In light of this history and the claims in the Amended Complaint, the undersigned concludes any further amendment here would be futile. See Order (Doc. No. 14) at 3, MacLeod v. Scott, No. 3:15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016).

### IV.  Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs

(Long Form) (Doc. No. 4) and the Affidavit of Indigency (Doc. No. 5), construed collectively as a Motion to Proceed In Forma Pauperis, be **DENIED**.

    2.    This case be **DISMISSED without prejudice**.

    3.    All remaining motions be **DENIED as moot**.[10]

    4.    The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 31, 2017.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro se party

---

[10] Currently pending before the Court are a Motion for Appointment of Counsel (Doc. No. 7) and a Motion for Leave to File Electronically (Doc. No. 8), both filed August 18, 2016.